**UNITED STATES JUDICIAL PANEL**
on
**MULTIDISTRICT LITIGATION**

IN RE: MORTGAGE LENDER                                                    MDL No. 2388
FORCE-PLACED INSURANCE LITIGATION


**ORDER DENYING TRANSFER**

    **Before the Panel**:[*]  Pursuant to 28 U.S.C. § 1407, plaintiffs in the Southern District of Florida *Barreto* action move to centralize this litigation in that district. This litigation currently consists of 31 actions pending in 14 districts, as listed on Schedule A.  Since the filing of the motion, the parties have notified the Panel of more than 25 related actions pending in various federal districts.

    All responding defendants[1] oppose centralization, as do plaintiffs in more than 30 actions. In the alternative, opposing plaintiffs in 14 actions suggest bank-specific MDLs limited to Chase, Wells Fargo, and/or Bank of America.  Plaintiffs in 17 actions support centralization of all actions in the Southern District of Florida.

    After considering the arguments of counsel, the Panel is not persuaded that the actions contain sufficient common questions of fact to justify centralizing this litigation.  All actions focus on an alleged industry-wide practice among banks and insurers concerning abuses in the placement of force-placed insurance policies covering homeowner properties.  Common questions of fact, however, do not predominate.  Each action involves only one mortgage lender and a different force-

---

    [*]  Judge Charles R. Breyer took no part in the decision of this matter.  At oral argument, Judge John G. Heyburn II indicated that he and Judge Kathryn H. Vratil were recused from this matter, but a further examination revealed that they are not disqualified, and thus they participated in the decision.

    [1]  The responding defendants are JPMorgan Chase Bank, N.A., for itself and as successor to Chase Home Finance, LLC, Chase Insurance Agency, Inc., Chase Bank USA, N.A., and Banc One Insurance Company ("Chase"); Wells Fargo Bank, N.A., Wells Fargo Insurance, Inc., and Wells Fargo Home Mortgage ("Wells Fargo"); Bank of America, N.A., and BAC Home Loan Servicing, LP ("Bank of America"); Citigroup, Inc., Citibank, N.A., and CitiMortgage, Inc.; MidFirst Bank, Inc.; FirstInsure; Financial Freedom Acquisition LLC; U.S. Bank; HSBC Mortgage Corporation; PHH Mortgage Corporation; Balboa Insurance Company; Assurant, Inc., and its subsidiaries Voyager Indemnity Insurance Company and American Security Insurance Company; QBE FIRST Insurance Agency, Inc., and QBE Specialty Insurance Company; and the Federal National Mortgage Association.

placed insurance program governed by a lender-specific agreement negotiated with an insurance company. Additionally, the mortgage contracts at issue vary widely as to key matters such as the amount of insurance coverage required, the payment of commissions, and other rights of the borrower and lender. Thus, individualized discovery and legal issues are likely to be numerous and substantial. *See In re Mortg. Indus. Home Affordable Modification Program (HAMP) Contract Litig.*, 2012 WL 2175734, at *1 (J.P.M.L. June 11, 2012) (denying centralization of actions challenging "industry-wide misconduct in mortgage origination, servicing, and foreclosure practices" where "the nature of plaintiffs' allegations and the involvement of many different non-overlapping defendants make the existence of common questions of fact unlikely").[2]

Plaintiffs rely primarily on *In re Checking Account Overdraft Litig*, 626 F. Supp. 2d 1333 (J.P.M.L. 2009), to support their request for centralization, arguing that, there, the Panel ultimately centralized over 90 actions against more than 30 banks concerning the improper assessment of charges against customer accounts, even though there were some unique questions of fact from bank to bank. As the Panel subsequently explained, however, that MDL "involved relatively straightforward conduct" and "share[d] sufficient factual questions relating to industry-wide bank posting policies and procedures to warrant centralization of all actions in one MDL docket." *See In re Credit Card Payment Protection Plan Mktg. and Sales Practices Litig.*, 753 F. Supp. 2d 1375, 1375-76 (J.P.M.L. 2010). The cases before us now involve not only different defendants but different lender agreements with insurers, different alleged abuses, and different mortgage loan documents. Thus, the conduct is not sufficiently uniform to justify industry-wide centralization.

Other circumstances also weigh against centralization. Many of the actions are procedurally advanced, with three actions at or near the close of discovery and several others at an advanced discovery stage. Additionally, defendants are direct competitors with each other, and placing them into the same action would complicate case management due to the need to protect trade secret and confidential information from full disclosure to the parties.

We also are not persuaded that Section 1407 centralization would serve the convenience of the parties and witnesses or further the just and efficient conduct of this litigation at the present time. A clear majority of plaintiffs oppose centralization, as well as all responding defendants. Plaintiffs' counsel overlap in several of the actions, and opposing plaintiffs urge the Panel to allow them to continue their efforts at voluntary coordination, which they characterize as successful to date. We encourage the parties to continue to employ alternatives to transfer which may minimize the risk of duplicative discovery and inconsistent pretrial rulings.

IT IS THEREFORE ORDERED that the motion, pursuant to 28 U.S.C. § 1407, for centralization of these actions is denied.

---

[2]   In light of these significant factual differences, the Panel also has determined that centralization of the actions on a bank-specific basis also is not warranted.

-3-

PANEL ON MULTIDISTRICT LITIGATION

_____
John G. Heyburn II
Chairman

Kathryn H. Vratil          W. Royal Furgeson, Jr.
Barbara S. Jones           Paul J. Barbadoro
Marjorie O. Rendell

IN RE: MORTGAGE LENDER                                    MDL No. 2388
FORCE-PLACED INSURANCE LITIGATION


## SCHEDULE A

### Southern District of Alabama

Faire Feaz v. Wells Fargo Bank, N.A., et al., C.A. No. 1:12-00350

### Central District of California

Christopher Gustafson v. BAC Home Loans Servicing, et al., C.A. No. 8:11-00915

### Eastern District of California

Elizabeth Passantino-Miller, et al. v. Wells Fargo Bank, N.A., et al., C.A. No. 2:12-00420

### Northern District of California

Shelly A. Clements  v. JPMorgan Chase Bank, N.A., C.A. No. 3:12-02179
Patricia McNeary-Calloway v. JPMorgan Chase Bank, N.A., et al., C.A. No. 3:11-03058
Stanley D. Cannon, et al. v. Wells Fargo Bank, N.A., C.A. No. 3:12-01376
Stephen Ellsworth v. U.S. Bank, N.A., C.A. No. 3:12-02506

### Southern District of Florida

Alberto Barreto, et al. v. Chase Home Finance, LLC, et al., C.A. No. 1:12-22053
Philip Pulley, et al. v. JPMorgan Chase Bank, N.A., et al., C.A. No. 0:12-60936
Achikam Yogev v. JPMorgan Chase Bank, N.A., et al., C.A. No. 1:12-21988
Christina Ulbrich v. GMAC Mortgage, et al., C.A. No. 0:11-62424
Mark Kunzelman v. Wells Fargo Bank, N.A., C.A. No. 9:11-81373
Alfred Herrick, et al. v. JPMorgan Chase Bank, N.A., et al., C.A. No. 1:12-22256
Ray Williams, et al. v. Wells Fargo Insurance, et al., C.A. No. 1:11-21233
Joseph Gallagher, et al. v. Bank of America, N.A., et al., C.A. No. 9:12-80681
Ira Marc Fladell v. Wells Fargo Bank, N.A., et al., C.A. No. 0:12-61368
Madelaine Martorella v. Deutsche Bank National Trust Co., C.A. No. 9:12-80372

### Middle District of Florida

Ruth Gordon, et al. v. Chase Home Finance, LLC, et al., C.A. No. 8:11-02001
Albert J. Degutis v. Financial Freedom, LLC, et al., C.A. No. 2:12-00319

-5-

<u>Southern District of Illinois</u>

Debra Simpkins v. Wells Fargo Bank, N.A., C.A. No. 3:12-00768

<u>Northern District of Indiana</u>

Judith Hallie v. Wells Fargo Bank, N.A., C.A. No. 2:12-00235

<u>District of Massachusetts</u>

Lee M. Berger, et al. v. Balboa Insurance Co., et al., C.A. No. 1:10-11583
Karyl Resnick v. Bank of America, N.A., et al., C.A. No. 1:12-10231

<u>Northern District of New York</u>

Gordon Casey v. Citibank, N.A., et al., C.A. No. 5:12-00820

<u>Southern District of New York</u>

Matthew Scheetz v. JPMorgan Chase Bank, N.A., et al., C.A. No. 1:12-04113
Maria Lugo v. Bank of America, N.A., C.A. No. 7:11-07955
Landon Rothstein v. GMAC Mortgage, LLC, et al., C.A. No. 1:12-03412

<u>Western District of North Carolina</u>

Pamela Lemmer, et al. v. Bank of America, N.A., C.A. No. 3:12-00242

<u>District of Oregon</u>

Ronda Arnett, et al. v. Bank of America, N.A., et al., C.A. No. 3:11-01372
Edward M. Wallace v. Bank of America, N.A., et al., C.A. No. 3:12-00935

<u>Western District of Pennsylvania</u>

Desiree Morris v. Wells Fargo Bank, N.A., et al., C.A. No. 2:11-00474